CHICAGO—FIRST DISTRICT—DECEMBER, 1909.    43

Morrison Hotel & Restaurant Co. v. Kirsner, 152 Ill. App. 43.

Morrison Hotel & Restaurant Company, Defendant in
Error, v. Julius Kirsner et al., Plaintiffs in Error.

Gen. No. 14,773.

MUNICIPAL COURT—*when demand for jury ineffectual.* A demand
by the defendant for a trial by jury not made in the Municipal
Court at the time of entering appearance, is ineffectual as not a
compliance with the statute.

Judgment by confession. Error to the Municipal Court of Chicago;
the Hon. JOHN H. HUME, Judge, presiding. Heard in this court at
the October term, 1908. Affirmed. Opinion filed December 6, 1909.
Rehearing denied December 16, 1909.

A. G. DICUS, for plaintiffs in error.

DAVID R. LEVY, for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the
court.

This is a proceeding by the plaintiff to recover rent
alleged to be due under a written lease. Judgment by
confession was entered against defendants, under a
power of attorney, upon January 21, 1908, for the
amount of rent claimed to be due. Upon the 25th of
the same month the defendants moved to vacate the
judgment and on the 8th of February following the
motion was argued by counsel and the judgment was
"vacated and set aside." Leave was given to the
plaintiff to amend the statement of claim by increas-
ing the *ad damnum* to $1,000 and to defendants "to
file their set-off." At the same time—the 8th of
February—the defendants moved for a trial by jury,
made written demand and tendered to the clerk the
fees for a jury. The court overruled this last motion
on the ground that the demand for a jury trial was
not made as the statute requires, at the time the de-
fendants entered their appearance. Municipal Court
Act, R. S. chap. 37, section 293. The denial of this

motion is the alleged error relied on by the defendants as a ground for reversing the judgment entered against them by the court, which tried the cause without a jury.

It is argued that the appearance of the defendants, entered by the attorney who signed the cognovit when the judgment by confession was entered, was, by the act of the court in setting aside the judgment by confession, adjudged to have been void and unauthorized. The ground for this contention is stated by defendants' attorney to be that the Constitution provides "the right of trial by jury as heretofore enjoyed shall remain inviolate" (Const. of 1870, art. 2, sec. 5), and that "the case being at common law, both parties had a constitutional right to a trial by jury, which could be waived only by mutual consent appearing by the record." In the first place, even if it could be conceded that when the court set aside the judgment by confession it vacated the entry of defendants' appearance made by their attorney in signing the cognovit, it yet appears from the record that the appearance of the defendants was again entered by the attorney of their own choice, when on January 25, 1908, the motion was made in their behalf to vacate the judgment by confession. The demand for a jury trial was not made until February 8th following. The requirement of the statute was not complied with. The failure to make the demand at any time when the defendants' appearance was entered, as the statute requires, was in effect a waiver of the right of trial by jury.

The judgment of the Municipal Court will be affirmed.

*Affirmed.*