CHICAGO—FIRST DISTRICT—MAY, 1912.    535

Flanagan & Beidenweg Co. v. Foster Burns & Co., 170 Ill. App. 535.

# Flanagan & Beidenweg Company, Defendant in Error, v. Foster Burns & Company, Plaintiff in Error.

## Gen. No. 16,622.

1. MUNICIPAL COURT—*presumption as to payment of jury fees.* In the absence of any showing to the contrary it will be presumed that the clerk of the municipal court properly performed his duty by collecting the required fees. *Held,* further, that the point was one which could not be first raised on appeal.

2. MUNICIPAL COURT—*statute providing for jury trials construed.* This statute should be liberally construed in favor of the right to have a trial by jury when demanded.

Error to the Municipal Court of Chicago; the HON. FREEMAN K. BLAKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded with directions. Opinion filed May 23, 1912.

JOHN W. CREEKMUR and GEORGE L. SCHEIN, for plaintiff in error.

W. J. STAPLETON, for defendant in error.

MR. JUSTICE MCSURELY delivered the opinion of the court.

It would serve no useful purpose to make a statement of the facts herein, for the reason that we have

concluded to reverse this case on the ground that the trial court erred in refusing to grant the defendant a jury trial pursuant to its demand on file.

Apparently the trial court was guided by a decision of this court rendered in the case of Morrison Hotel & Restaurant Co. v. Kirsner, reported in 152 Ill. App. 43, where a similar ruling under like circumstances was upheld; but pending this appeal the Morrison Hotel Co. case was decided by the Supreme Court— reported in 245 Ill. 431—the Supreme Court holding that the defendants were entitled to a trial by jury pursuant to their demand, and the judgment of the Appellate Court and the Municipal Court was reversed with instructions to the trial court to award the defendants their right to a trial by jury.

But it is claimed that in the case before us the jury fees were not paid. There is nothing in the record to support this claim, and this court will assume, in the absence of any showing to the contrary, that the clerk of the trial court properly performed his duty by collecting the required fee. It also may be said that it comes too late to raise this point for the first time in this court.

We cannot agree with counsel that it is material to the question involved whether the judgment was "set aside" or "opened up" by the court. Neither can we assent to the claim that the stipulation enlarging the issues had the effect of waiving a jury. The stipulation apparently was entered into as the consideration for the plaintiff's consent to "open up the judgment," and did not touch the matter of a jury trial.

In reversing the Morrison Hotel Co. case above referred to, the Supreme Court said concerning the jury provision of the Municipal Court Act (p. 433): "In view, however, of the provision of the constitution that the cherished right of trial by jury shall remain inviolate, the statute should be liberally construed in

favor of the right and the inclination of the court should be to protect and enforce the right.''

Following this authority, we must reverse the judgment and remand the case to the Municipal Court with directions that the court award defendant its right to a trial by jury.

*Reversed and remanded with directions.*